UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-20902-CR-JORDAN/McALILEY

UNITED STATES OF AMERICA

vs.

MKG PROVISIONS, INC.,

        Defendant.     /

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida (hereinafter the "United States" or "government") and MKG PROVISIONS, INC. (hereinafter the "defendant" or "MKG") enter into the following plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

    I.    Guilty Plea

    A.    The defendant agrees to plead guilty to the one-count Information filed against it. Count 1 of the Information charges the defendant with violating the Lacey Act, Title 16, United States Code, Sections 3372(d)(1) and 3373(d)(3)(A), false labeling of fish, with a market value greater than $350, which had been imported, transported, purchased, and received from a foreign country.

    B.    The defendant agrees to waive Indictment by a Grand Jury and agrees to admit that it is in fact guilty of the felony offense charged in the Information.

    II.    Corporate Authorization and Organizational Changes

    A.    The defendant will provide to the United States written evidence in the form of a

notarized resolution of the Board of Directors with both notary and corporate seals, certifying that MKG is authorized to plead guilty to the felony offense set forth in the Information, and to enter into and comply with all provisions of this plea agreement. The resolution shall further certify that Kenneth S. Zimmerman, a Director of MKG is authorized to take these actions and that all corporate formalities, including but not limited to, approval by the MKG Board of Directors, required for such authorization, have been observed. The defendant agrees that Kenneth S. Zimmerman shall appear on behalf of the company to enter the guilty plea and for imposition of the sentence in the United States District Court for the Southern District of Florida.

    B.    At all relevant times, the defendant was a Texas corporation, registered to do business in Florida under the fictitious name "MKG Provisions." MKG is a wholesale distributor of seafood. MKG expressly agrees that it shall not, through a business transaction of any type, including but not limited to, a change of name, business reorganization, sale or purchase of assets, divestiture of assets, or any similar action, seek to avoid the obligations and conditions set forth in this plea agreement. This plea agreement, together with all of the obligations and terms thereof, shall inure to the benefit of and bind assignees, successors-in-interest, or transferees of the defendant.

    III.    <u>Sentencing Guidelines and Penalties</u>

    A.    The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also

aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in Section I.A and that the defendant may not withdraw the plea solely as a result of the sentence imposed. The Parties agree and understand that, because the crimes charged occurred after November 1, 1991, the United States Sentencing Guidelines relating to the sentencing of organizations (Chapter Eight) apply here, except to the extent that the provisions relating to the calculation and imposition of fines for environmental crimes do not apply to the offenses charged in the Criminal Information. USSG §8C2.10.

B.   The parties agree that the maximum amount of the fine which may be imposed under the statute charged is the greatest of: twice the gross pecuniary gain or twice the gross pecuniary loss resulting from the offense, pursuant to Title 18, United States Code, Section 3571(d) or $500,000, pursuant to Title 18, United States Code, Section 3571(c)(3). In addition, the defendant understands and agrees that it may be subject to a term of probation of not less than one year nor more than five years. Title 18, United States Code, Section 3561(c)(1).

C.   The defendant further understands and acknowledges that, in addition to any sentence imposed under this agreement, a special assessment in the amount of $400 per count of conviction

will be imposed on the defendant, payable to the "Clerk, United States Court" on the day of sentencing. Title 18, United States Code, Section 3013(a)(2)(B).

  D. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, is a prediction, not a promise, and is not binding on the United States, the probation office or the court. The defendant further understands that any recommendation that the United States makes to the court as to sentencing, whether pursuant to this plea agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in Section III.A. above, that the defendant may not withdraw its plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the United States, or a recommendation made jointly by both the defendant and the United States.

  E. The United States reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this plea agreement, the United States further reserves the right to make any recommendations as to the quality and quantity of punishment.

  IV. <u>Sentence Recommendations</u>

The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend to the court the following resolution in this matter:

  A. <u>Fine</u>: That the Court impose a criminal fine in the amount of $20,000, payable

immediately to the "Clerk, U.S. Courts." Pursuant to 16 U.S.C. § 1861(e), the United States requests that the Clerk of the Court be directed to promptly remit the criminal fine to the Magnuson-Stevens Fishery Conservation and Management Act Fund managed by the Secretary of Commerce.

B.  <u>Disposal of Seized Fish Or Sale Proceeds</u>.  Defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to any and all assets and their substitutes which are subject to forfeiture pursuant to Title 28, United States Code, Section 2461, Title 16, United States Code, Section 3374(a)(1) and Title 15 Code of Federal Regulations, Section 904.505(d), including the following:

1.  Approximately 740 pounds of haddock.

2.  The proceeds in United States currency representing the sale proceeds of approximately 740 pounds of haddock, sold pursuant to 15 Code of Federal Regulation, Section 904.505(d).

The defendant admits that the above listed assets were fish or wildlife imported, exported, transported, sold, received, acquired, or purchased contrary to the provisions of Title 16, United States Code, Section 3372, or any regulation issued pursuant thereto.

C.  The parties agree to jointly recommend that the sentence be imposed according to the terms of this agreement without the need for a Pre-Sentence Investigation and Report. The defendant hereby specifically waives its right to a Pre-Sentence Investigation and Report, including the right to review such a report in advance of sentencing, so that sentence may be imposed immediately following defendant entering its guilty plea.

V.  Defendant further agrees to fully cooperate and assist the Government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to, the surrender of documents of title, execution of any documents necessary to transfer his interest in any of the above property to the United States, execution of a consent to forfeiture or other documents as may be needed to fully accomplish the forfeiture and vest title in the United States. Defendant further knowingly and voluntarily waives the following rights as to assets subject to forfeiture: (1) all constitutional, legal and equitable defenses to the forfeiture of the assets in any judicial or administrative proceeding; (2) any judicial or administrative notice

of forfeiture and related deadlines; (3) any jeopardy defense or claim of double jeopardy, whether constitutional or statutory; (4) any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of these assets by the United States; and (5) any right to appeal any order of forfeiture entered by the Court pursuant to this plea agreement. Defendant further understands that the forfeiture of these assets shall not be treated as satisfaction or offset against any fine, restitution, cost of imprisonment, or any other penalty this court may impose on the defendant.

VI. Express Waiver of Right to Appeal Guilty Plea and Sentence

The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the United States's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that it has discussed the appeal waiver set forth in this agreement with its attorney. The defendant further agrees, together with the United States, to request that the District Court enter a specific finding that the defendant's waiver of its right to appeal the sentence to be imposed in this case was knowing and voluntary.

VI.  Binding Final Agreement

This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

DATE: 1/19/2011        By: _____
                            Thomas A. Watts-FitzGerald
                            Assistant United States Attorney

REPRESENTATIVES OF DEFENDANT

DATE: 1/20/11          By: _____
                            CHRISTOPHER J. M. COLLINGS, ESQ.
                            ATTORNEY FOR DEFENDANT

DATE: 1/20/11          By: _____
                            KENNETH S. ZIMMERMAN, DIRECTOR, for
                            DEFENDANT MKG PROVISIONS, INC.